IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Wiley Y. Daniel


Civil Action No. 06-cv-01226-WYD


MARVIN O. HOLLOMAN,

     Applicant,

v.

JOSEPH ORTIZ, Executive Director of the Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER OF DISMISSAL

---

I.  FACTUAL AND PROCEDURAL BACKGROUND

     Applicant Marvin O. Holloman is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Sterling, Colorado, Correctional Facility.  Mr.

Holloman has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 challenging his Colorado state conviction and sentence in Denver District

Court in Case No. 01CR743.  On July 14, 2006, I ordered Respondents to file an

answer to the Application.  On August 9, 2006, Respondents filed an Answer, and on

November 3, 2006, Mr. Holloman filed a Response to the Answer.  On February 13,

2007, Respondents filed a Supplemental Answer.  Mr. Holloman did not respond to the

Supplemental Answer.

I must construe liberally the Application and the Response because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the Application will be denied, and the action will be dismissed.

In the Application, Mr. Holloman asserts he pled guilty to one count of racketeering under the Colorado Organized Crime Act in the Denver District Court on April 29, 2002, and subsequently, on July 8, 2002, was sentenced to serve eighteen years in the DOC. (Application at 1.) Applicant states that he did not file a direct appeal, but that he filed at least three postconviction motions. (Application at 4-4I.) Applicant asserts that two of the postconviction motions were filed in the trial court in July 2002. One of the two motions was dismissed on appeal in May 2003, and the other was dismissed on appeal in May 2004. (Application at 4 and 4B.) The third postconviction motion, Applicant claims was filed between May 28 and June 9, 2003, and was denied by the Colorado Supreme Court on January 12, 2006. Mr. Holloman also asserts that he filed a petition for a writ of habeas corpus in August 2003, with the Colorado Supreme Court that was denied in September 2003. Finally, Applicant asserts that he filed a motion for relief pursuant to Colo. R. Civ. P. 60(b) and Colo. R. Crim. P. 57(b), on November 13, 2003, which was denied by the trial court on May 26, 2004, and subsequently was denied by the Colorado Supreme Court on January 12, 2006. On June 27, 2006, Mr. Holloman filed the instant 28 U.S.C. § 2254 Application in this Court.

2

In the Answer, Respondents claim that four of Applicant's claims, asserted in the instant action, are related to claims that were pending on appeal in the state court of appeals at the time of the filing of their Answer. (Answer at 2-3.) Respondents further contend that the other five claims, asserted in this action, have not been raised in any state appellate court proceeding. (Answer at 3.) In his Response, Applicant asserts that except for Claims Eight and Nine he has presented all of the claims set forth in this action to both the state trial court and to the state appellate court. (Resp. at 1-2.) He further asserts that he did not present Claims Eight and Nine to the state trial court because the facts supporting the claims occurred at the appellate level. (Resp. at 1-2.)

Mr. Holloman also asserts that Respondents were incorrect in arguing that four of his claims, in the instant action, were at issue in an appeal that was pending in state court at the time Respondents filed their Answer. (Resp. at 2.) Applicant contends that the only ground raised by his appellate counsel in the appeal, which was pending at the time Respondents filed their answer, was a claim that dealt with the trial court's failure to set a matter for a prompt evidentiary hearing. (Resp. at 2.) Applicant further contends that appellate counsel only mentioned the details of the four claims in the brief on appeal as background information in support of the evidentiary claim that she raised. (Resp. at 2.)

Nonetheless, Applicant concludes that, even though appellate counsel did not set forth in the appeal brief any of the claims he raises in the instant Application, he has preserved the claims and exhausted the state court remedies that were available to him with respect to the claims. (Resp. at 2.) Mr. Holloman contends he has preserved the claims because (1) he sent a letter to his appellate counsel directing her to file a brief

asserting all of his claims; (2) he informed the court of appeals of appellate counsel's failure to raise all of the claims; and (3) he filed a writ of certiorari with the Colorado Supreme Court claiming that the court of appeals erred by not allowing appellate counsel to withdraw and not allowing Applicant to assert all the claims he desired to raise. (Resp. at 3.) Applicant concludes he has exhausted all remedies that were available to him concerning the nine claims that he raises in the instant action. (Resp. at 4.)

Mr. Holloman's claims are as follows:

1.      Gand jury did not have jurisdiction to investigate or indict Applicant because the prosecution's affidavit to impanel the grand jury contained false statements.

2.      His conviction was unlawfully induced and his plea was not voluntary due to a lack of understanding of the elements of the crime of which he was convicted.

3.      He was denied effective assistance of counsel at his sentencing and was denied the ability to confer with counsel about his postconviction proceedings.

4.      He was denied the ability to prove that transcripts submitted by the state in his postconviction proceeding were false.

5.      He was forced to enter into a plea agreement after being held on a $500,000 bond for eight months.

6.      He was forced to accept a plea agreement because his attorney refused to defend him in a malicious prosecution.

7.      He was subjected to perjurious acts by the prosecution.

8.      He was denied effective assistance of counsel on appeal.

9.      He was denied his right to a bond after his conviction.

So that the record may reflect the course Mr. Holloman's claims have taken through the state courts, I have listed with great detail the overwhelming number of pleadings that Mr. Holloman filed in the state courts, and the multitude of orders entered by the state courts to dispose of the pleadings, which for the most part were repetitive and improperly filed.  I also find that prior to his sentencing, Mr. Holloman began a never-ending attempt to raise certain repetitive claims with the state courts.  He continued both to file his own pleadings and to seek the assistance of counsel. Although the continuous papering of the state courts has created a tortuous record, I have determined the following.

Mr. Holloman entered into a plea agreement on April 29, 2002, at which time he was represented by counsel.  *People of the State of Colo. v. Holloman,* No. 01CR743, State Court Record (Denver District Court) at 112-113.  On June 27, 2002, Applicant's counsel filed a motion to withdraw claiming that Mr. Holloman had terminated his services as of that date.  State Court Record at 323 (numerically out of sequence, chronologically correct). On the same day, the trial court issued a notification certificate that instructed Mr. Holloman that he was obligated to prepare for any court proceedings pending at the time he terminated his attorney's services, which included his July 8, 2002, sentencing hearing, and that he had the right to object to the notification certificate within fifteen days.  State Court Record at 123.  On the day of the sentencing hearing, Mr. Holloman filed and submitted a motion to dismiss the indictment in his case and to disqualify the prosecution because of prosecutorial misconduct.  State Court Record at 130-134.  Mr. Holloman also indicated in the motion to dismiss that he intended to retain a new attorney.  State Court Record at 134.

5

Mr. Holloman stated at the July 8, 2002, sentencing hearing that he did not object to his attorney withdrawing. Denver District Court Transcript, July 8, 2008, Hearing at 4. Also, as stated in the July 8, 2002, sentencing hearing transcript, Mr. Holloman submitted a motion for withdrawal of plea. District Court Transcript, July 8, 2008, Hearing at 6. The sentencing hearing was held over until July 15, 2002, so that the trial court could give full consideration to Mr. Holloman's position in the motions. Denver District Court Transcript, July 8, 2002, Hearing at 22.

Prior to the July 15, 2002, continued-sentencing hearing, Mr. Holloman filed a motion on July 11, 2002, asking for a modification of his bond conditions. State Court Record at 362-364 (numbering out of sequence but chronologically correct). On the day of the hearing, Mr. Holloman filed two motions, one for suppression of evidence and dismissal of the indictment, and the other to bar testimony by codefendants. State Court Record at 142 and at 370-374 (numbering out of sequence but chronologically correct). Also, on the day of the hearing, the trial court denied (1) Mr. Holloman's motion to dismiss the indictment and disqualify the prosecution; (2) his motion to withdraw his guilty plea; and (3) his motion to suppress evidence and dismiss the indictment. Denver District Court Transcript, July 15, 2002, Hearing at 6, 18, and 22. Mr. Holloman's motion to bar codefendants' testimony was denied as moot, and Mr. Holloman was sentenced to eighteen years of incarceration and five years of parole. State Court Record at 360, (numbering out of sequence but chronologically correct) and Denver District Court Transcript, July 15, 2002, Hearing at 48-49.

On July 29, 2002, Mr. Holloman filed a motion for withdrawal of his plea agreement, pursuant to Colo. R. Crim. P. 35(c), based on an invalid plea agreement

and new grounds. State Court Record at 158. In this motion, Mr. Holloman claimed his plea was not knowingly made because the court failed to explain every critical element of the crimes with which he was charged. *Id.* He also sought release on bail. *Id.* The trial court denied the motion on July 31, 2002, finding that Mr. Holloman was represented by counsel and that he was advised of the nature and elements of the crime. *Id.* at 101. Mr. Holloman filed a notice of appeal on August 28, 2002. *Id.* at 166. In the notice of appeal he asserted the following claims: (1) denial of bail postconviction; (2) a deficient Colo. R. Crim P. 11 trial court advisement in his plea agreement; (3) prosecutorial misconduct in submitting a false affidavit in support of the motion to convey a grand jury; (4) trial court's failure to prevent testimony by codefendants at the sentencing hearing; (5) ineffective assistance of counsel in the Rule 35(c) motion; and (6) ex-parte communication. *Id.* at 166-68. Mr. Holloman also submitted a request for appointment of counsel along with his notice of appeal. *Id.* at 392. Subsequently, on September 17, 2002, Mr. Holloman filed a motion for stay of execution and for appeal bond, which the court of appeals denied on October 11, 2002. *Id.* at 172 and 181. The trial court also denied the motion for appointment of counsel as lacking in arguable merit. *Id.* at 182.

Mr. Holloman, on October 21, 2002, filed a motion for disqualification of the trial court judge. *Id.* at 183. He also filed a motion to vacate his sentence, to reinstatement his motions for appointment of counsel, and for immediate release on bail. *Id.* at unnumbered page between 186 and 187. In the motion to vacate, Mr. Holloman asserted that the trial court and the prosecution violated his constitutional rights by proceeding with his sentence after his attorney had withdrawn without affording him

adequate time to retain new counsel, even though he had indicated he intended to obtain counsel. *Id.* Mr. Holloman again requested reinstate of his bond. *Id.* Mr. Holloman also, on November 20, 2002, filed a motion for dismissal of indictment and suppression of evidence based on constitutional grounds. *Id.* at 191. In the motion for dismissal and suppression, Mr. Holloman asserted that the prosecution violated the Fourteenth Amendment when she misled the court and filed an affidavit containing false statements in support of her motion for a grand jury. *Id.* at 191-95. On November 20, 2002, the trial court denied Mr. Holloman's motions for lack of jurisdiction because he had an appeal pending in the Colorado Court of Appeals. *Id.* at 205. The trial court also denied his request for bail. *Id.*

Mr. Holloman filed a motion, on December 17, 2002, in the Colorado Court of Appeals, for limited remand or in the alternative for an emergency hearing on the motions that were pending in the court of appeals. *Id.* at 213. On the same day, he filed a motion for stay of execution and for extension of time in the court of appeals asking that the court consider his requests for bail, because the trial court denied his request, and for an extension of four months so he may retain counsel. *Id.* at unnumbered page between 233 and 235. He also filed a motion for refund of bond premium on December 17, 2002, in the state trial court. *Id.* at 232. On January 27, 2003, the court of appeals denied Mr. Holloman's request for a limited remand, his motion for appeal bond based on the trial court's November 20, 2002, order, and as moot his request for an extension of time to file the record on appeal. *Id.* at 234, filed out of sequence between 378 and 379.

On February 14, 2003, Mr. Holloman filed a motion for reconsideration of the

court of appeals order denying a limited remand. State Court Record at 235-39. Subsequently, on March 4, 2003, he filed a motion for extension of time to file an opening brief, and on March 10, 2003, he filed a motion for appointment of counsel and a motion for reconsideration on hearing for appeal bond. *Id.* at 240-48.

On March 21, 2003, the trial court denied Mr. Holloman's motion for refund of bond premium. *Id.* at unnumbered page, but in chronological sequence. The court of appeals denied the motions for appointment of counsel and appeal bond on April 3, 2003. *Id.* at 249. Mr. Holloman, subsequently, filed a motion to dismiss his appeal on May 2, 2003, which the court of appeals granted on May 7, 2003. He also filed, in the trial court, on May 6, 2003, another motion to dismiss, a motion for release on bail, and a motion for reinstatement of his motions for appointment of counsel. *Id.* at 252-55. On May 8, 2003, he filed yet another motion to dismiss, seeking dismissal of the indictment and suppression of evidence. *Id.*

On May 23, 2003, Mr. Holloman filed a Colo. R. Crim. P. 35(a) postconviction motion, in which he asserts a denial of his Sixth Amendment right to counsel at his sentencing. *Id.* at 259-63. Mr. Holloman again, in the Rule 35(a) motion, requested appointment of counsel. *Id.* at 262. He also filed a motion for reinstatement of bond or bail, a petition for forfeiture of bonds, a Colo. R. Crim. P. 35(c) postconviction motion, and a motion for judgment on the pleadings, on May 28, 2003, in the trial court. *Id.* at 264-80.

In the Rule 35(c) motion, Mr. Holloman claimed that the motion is not successive because his claims were not considered by the trial court in his previous Rule 35(c) motion, and he was not represented by counsel. *Id.* at 269-72. Mr. Holloman also

9

asserted, as he did in his previous Rule 35(c) motion, that the prosecution provided false information in support of her motion for a grand jury in violation of his Fourteenth Amendment rights, and he sought appointment of counsel. *Id.* at 270 and 272.

With respect to the motion for reinstatement of bond and his petition for forfeiture of bonds, he sought reinstatement of his $70,000.00 bond, a release on bail, and compensation from the state attorney general and the assistant attorneys general, who participated in the prosecution of his criminal case, for violating his constitutional rights in breach of the bond they are required to execute under Colo. Rev. Stat. § 20-1-101. *Id.* 264-66 and 275-76. In the motion for judgment on the pleadings, Mr. Holloman sought a disqualification of the trial court judge and the forfeiture of the judge's bond. *Id.* at 278-79.

On June 6, 2003, Mr. Holloman filed a motion for refund of bond premium, in the state trial court, claiming the bail bonding company was unjustly enriched in his case. *Id.* at 282-83. He, also, on June 9, 2003, filed an amended Rule 35(c) motion, in which he asserted that there is no jurisdiction to continue his incarceration because the prosecution filed a false affidavit in support of the motion for a state grand jury. *Id.* at 284-85.

On July 15, 2003, the trial court entered an order finding as follows: (1) the October 21, 2002, motion for disqualification is denied because Mr. Holloman failed to support his motion with the required affidavits; (2) the motion for refund of bond premium is stricken as it is the same motion that Mr. Holloman submitted on December 17, 2002, and was denied on March 21, 2003; (3) the motion to subpoena witnesses is premature; (4) a response to the Rule 35(a) and (c) postconviction motions is ordered;

(5) responses to the petition for forfeiture of bonds and reinstatement of bond are ordered; and (6) the motion to limit the court's rulings to only the motion for disqualification of the judge is denied. *Id.* at 289-92.

Subsequent to the trial court's July 15, 2003, order, Mr. Holloman filed another motion for judgment on the pleadings, on July 24, 2003, in which he sought an immediate granting by the court of his Rule 35(a) and (c) motions and his motions for reinstatement of bond, forfeiture of bonds, refund of bond premium, and disqualification of the judge. *Id.* at 294. The trial court denied the motion for judgment in light of the July 15, 2003, order. *Id.* at 293.

Mr. Holloman filed an amended Rule 35(c) postconviction motion on August 25, 2003, in which he asserted that (1) he sought to withdraw his plea because he was denied due process when he was not allowed release on bail between the date he pled and his sentencing date, in violation of his plea agreement, and was not represented by counsel at his sentencing; (2) the trial court retained jurisdiction concerning his bail after he filed his notice of appeal but failed to enforce the plea agreement in violation of his due process rights; and (3) the prosecution violated his due process rights by objecting to his requests for bail in breach of his plea agreement. *Id.* at 309-11. Mr. Holloman then filed a motion to compel discovery so that he may reply to the state's response in his Rule 35(a) motion. *Id.* at 349-50.

On September 29, 2003, the trial court entered an order addressing Mr. Holloman's claims as follows: (1) the petition for forfeiture of bonds is denied for lack of jurisdiction; (2) the Rule 35(a) postconviction motion is granted because the record did not reflect a voluntarily, knowing, and intelligent waiver of Mr. Holloman's right to

counsel for the purpose of sentencing; (3) the Rule 35(c) postconviction motion is denied because (i) the statement Mr. Holloman claimed to be false was not material and therefore did not constitute perjury; (ii) a filing of a criminal case can consist simply of presenting an investigative report to the district attorney; and (iii) whatever did or did not happen in the grand jury proceedings, Mr. Holloman's conviction was a result of his plea not a result of the indictment; (4) the Rule 35(c) amended postconviction motion is denied because (i) a review of the providency hearing transcript does not support a finding that a condition of his plea was that he remain on bond from the date of his plea until his sentencing; (ii) the plea agreement does not mention a bond stipulation; (iii) the prosecution and trial counsel can not bind the surety or the court regarding a reinstatement of a bond; and (iv) the prosecutor's agreement not to object to reinstatement of a bond is not a promise that Mr. Holloman may remain on bond; (5) the motion for reinstatement of a bond is denied for the reasons stated above, and because Mr. Holloman pled to a 16-24 year range, his plea was knowingly, intelligent, and voluntary, and he stands convicted of three felonies; and (6) the motion to subpoena witnesses is denied because counsel has been appointed for a resentencing hearing, and it is up to counsel to decide what mitigation would be appropriate.  *Id.* at 352-55.

On October 22, 2003, Mr. Holloman filed a motion to suppress evidence from the July 8 and 15, 2002, sentencing hearings.  *Id.* at unnumbered pages but in chronological sequence.  He also filed, on November 13, 2003, a motion for a recusal of the trial court judge.  *Id.* at unnumbered pages but in chronological sequence.  The trial court denied both motions on November 14, 2003.  *Id.* at 374-76.  With respect to the

12

motion for disqualification, the trial court found that the supporting affidavits were not based on facts or matters within the affiant's personal knowledge. *Id.* at 375. As for the motion to suppress, the motion was denied for failure to state a postconviction claim upon which the requested relief could be granted. *Id.* at 376.

On November 13, 2003, Mr. Holloman also filed a motion for relief from the trial court's September 29, 2003, order pursuant to Colo. R. Civ. P. 60(b) and Colo. R. Crim. P. 57(b). *Id.* at 357-372. He further filed a pleading on November 14, 2003, stating that he does not consent to representation that is limited only to his resentencing and that he has a right to representation both prior to and after his conviction. *Id.* at 373.

Pursuant to the resentencing hearing held on November 17, 2003, Mr. Holloman was again sentenced to eighteen years of incarceration. Denver District Court Transcript, Nov. 17, 2003, Hearing at 19. At the hearing, Mr. Holloman again raised his request to withdraw his plea and challenged his limited access to an attorney for only his sentencing. *Id.*

On March 2, 2004, Mr. Holloman filed a motion for judgment on the pleadings, in which he requested that the trial court decide his motion for relief that he filed pursuant to Colo. R. Civ. P. 60 and Colo. R. Crim. P. 57(b), and his motion to withdraw his plea agreement he claimed he filed on November 15, 2003. State Court Record at unnumbered page between 382 and 383. In the motion for judgment, Mr. Holloman again claimed that he should be appointed counsel to represent him in his postconviction motions. *Id.* On March 12, 2004, the trial court appointed counsel to investigate Mr. Holloman's postconviction claims. *Id.* at 379. Mr. Holloman filed a response regarding the appointment of counsel and asserted that appointed counsel

13

should present to the court all of his postconviction claims and not just investigate whether his claims have merit. *Id.* at 380-81. He also stated in the response that he forbade any of his former attorneys to disclose any information to his new counsel, and that he again sought appointment of counsel. *Id.*

Subsequently, on May 18, 2004, the counsel who was appointed to investigate Mr. Holloman's postconviction claims filed a motion to withdraw, as he was not able to competently investigate Mr. Holloman's postconviction claims without access to his former attorneys' files. *Id.* at 383. Mr. Holloman filed a response, on May 25, 2004, requesting that the court deny counsel's motion to withdraw and, or in the alternative, schedule a hearing date. *Id.* at unnumbered page prior to 406.

Meanwhile, Mr. Holloman filed a petition for a writ of habeas corpus in the Kit Carson County Court of Colorado, on May 10, 2004. *Id.* at 391-403. In the petition, he asserted that the prosecution submitted a false affidavit in support of her motion for a grand jury. *Id.* The Kit Carson County Court found that Mr. Holloman's claims arose out of his prosecution in the Denver District Court, that the claims more properly were addressed in the Denver District Court in a Rule 35(c), and that the case should be transferred to the Denver District Court where venue is proper. *Id.* at 388.

On May 25, 2004, the trial court granted counsel's motion to withdraw, in light of Mr. Holloman's refusal to cooperate, and proceeded to rule on the matters in question in Mr. Hollomon's motion filed pursuant to Rule 60(b) and Rule 57(b). *Id.* at 409. The trial court deemed the Rule 60(b) and Rule 57(b) motion moot to the extent that Mr. Holloman sought appointment of counsel, because he refused to assist his current appointed counsel in investigating his claims. *Id.* at 410. The trial court also denied the

14

Rule 60(b) and Rule 57(b) motion to the extent that Mr. Holloman challenged the trial court's denial of his second amended Rule 35(c) motion, his motion to withdraw plea, his request to subpoena witnesses, and his original and first amended Rule 35(c) motions. *Id.*

The trial court went on to find that to the extent Mr. Holloman argued new grounds in support of his relief from previous orders, in the Rule 60(b) and Rule 57(b) motion, the motion was denied as successive. *Id.* The trial court further found that Mr. Holloman's new claim of ineffective assistance of counsel, which he based on the unsupported ground that his previous counsel believed his plea should be withdrawn, failed to show specific prejudice and denied the claim. *Id.* The trial court also found that the motion for judgment filed on March 2, 2004, was incorrect in that the court had ruled from the bench on Mr. Holloman's oral motion to withdraw his plea agreement and previously denied his written motion to withdraw his plea on similar grounds. *Id.* at 411.

Mr. Holloman, on July 13, 2004, filed a pleading in the Colorado Supreme Court in which he requested that the Court show cause why the following requests for relief should not be granted. *Id.* at 412-417. The requests for relief include (1) establishment that his affidavits in support of his motion to recuse the trial court judge were legally sufficient to allege prejudice; and (2) recusal of the trial court judge who had presided over his criminal case. *Id.* at 412-417. The petition was denied on July 14, 2004. *Id.* at 419.

Mr. Holloman, on July 13, 2004, filed a motion for extension of time to file a notice of appeal. *Id.* at unnumbered page between 417 and 418. In the motion for an extension of time, Mr. Holloman sought an extension of forty-five days if the Colorado

Supreme Court denied his petition for show cause. *Id.* Also, in the motion for an extension of time, Mr. Holloman sought a writ of mandamus ordering the trial court judge to recuse and an order vacating all rulings by the trial court judge after October 21, 2002, when he first filed a motion for disqualification, or after November 13, 2003, when he filed a motion for recusal. *Id.* The motion was stricken by the trial court, and Mr. Holloman was instructed to file the motion for an extension of time in the court of appeals. *Id.* at 418.

On September 1, 2004, Mr. Holloman filed a notice of appeal in which he listed seventeen issues he intended to raise on appeal. *Id.* at unnumbered pages between 422 and 423. The issues included: (1) illegal grand jury; (2) unknowing, unintelligent, and involuntary plea agreement; (3) lack of jurisdiction by trial court judge to rule on his postconviction motions; (4) abuse of discretion by trial court judge when he failed to recuse; (5) denial of right to counsel in postconviction proceedings; (6) ineffective assistance of counsel at the providence and sentencing hearings; (7) government tampering with court transcripts and denial of right to due process when the court failed to investigate the tampering charge; (8) abuse of discretion by trial court when appointed counsel was allowed to withdraw; (9) error by trial court in not granting a refund of a bond premium; (10) failure by trial court to order forfeiture of district attorneys' bonds; (11) abuse of discretion by trial court in denying motions to withdraw pleas; (12) abuse of discretion by trial court in disregarding a motion for leave to respond; (13) abuse of discretion by trial court in not granting a hearing on postconviction motions; (14) error by trial court in denying the motion for recusal; and (15) error by trial court in denying the motion to suppress statements that were made

16

without representation by counsel.  *Id.*

The trial court granted appointment of appellate counsel on September 17, 2004. *Id.* at 423.  The Colorado Court of Appeals, on September 29, 2004, accepted the notice of appeal, but the court of appeals denied the appointment of counsel and instructed Mr. Holloman to show cause why the appeal should not be dismissed with prejudice as untimely.  *Id.* at unnumbered page between 423 and 424.  The court of appeals found that the final appealable order was filed on May 25, 2004, and Mr. Holloman should have appealed on or before July 9, 2004.  Court of Appeals Record, 04CA1716.

Although the trial court order and the court of appeals orders regarding appointment of counsel are conflicting, counsel did file an entry of appearance on October 26, 2004.  *Id.*  The court of appeals discharged the order to show cause on February 15, 2005, and allowed the notice of appeal filed out-of-time.  *Id.*  On July 15, 2005, Mr. Holloman submitted a letter to the court of appeals, in which he stated that his attorney refused to address any of the issues he desired to file on appeal.  *Id.*  Mr. Holloman attached to the letter a copy of a letter he sent to his counsel, in which he identified the issues he desired to have raised on appeal, including: (1) the court's lack of jurisdiction due to a false affidavit submitted in support of a motion for grand jury; (2) trial court judge's lack of jurisdiction to resentence or answer certain postconviction motions because a motion for recusal was filed prior to the sentencing date; (3) trial court's failure to investigate the alleged altering of the court transcripts from the July 8 and 15 sentencing hearings and the non-certified transcripts by the court reporter; (4) no record of a waiver of right to trial by jury; (5) breach of the plea agreement in denying

17

reinstatement of bond prior to the November 15, 2005, resentencing hearing; and (6) violation of right to effective assistance of counsel when postconviction counsel was allowed to withdraw. *Id.* Mr. Holloman also stated in the letter to his attorney that he did not desire for counsel to withdraw, but that he wanted his claims protected. *Id.*

Mr. Holloman, through counsel, also filed a motion for appeal bond on April 18, 2005, which the court of appeals denied on May 27, 2005, finding that a bond hearing is not required in a postconviction proceeding. State Court Record at unnumbered page after 427. Counsel for Mr. Holloman submitted an opening appellate brief on June 5, 2005. Court of Appeals Record, 04CA1716. In the brief, counsel asserts that the trial court abused its discretion in denying Mr. Holloman's postconviction motions and denying him an evidentiary hearing. *Id.* Mr. Holloman filed a second motion for an appeal bond, on August 1, 2005, which the court of appeals would not consider because he was represented by counsel. *Id.* Counsel then filed a motion to withdraw on September 12, 2005. *Id.* Mr. Holloman filed objections to the withdrawal and requested that the court of appeals direct counsel to assert the claims that he set forth in his original notice of appeal. *Id.* The court of appeals denied counsel's motion to withdraw, and Mr. Holloman's requests. *Id.* A third motion for an appeal bond was submitted to the court of appeals on December 6, 2005, which was denied on January 9, 2006. *Id.*

On September 7, 2006, the Colorado Court of Appeals entered an order addressing the trial court's May 25, 2004, order denying Mr. Holloman's Colo. R. Civ. P. 60(b) and Colo. R. Crim P. 57(b) motion for relief. *Id.* In the September 7, 2006, order, the court of appeals found that Mr. Holloman sought relief from the trial court's July 31,

2002, order, in which the trial court denied his motion to withdraw his guilty plea, and

from the trial court's September 29, 2003, order, in which the trial court denied (1) his

motion for forfeiture of bond; (2) his motions asserting that the grand jury indictment was

invalid, and that the court lacked jurisdiction due to prosecutorial misconduct; (3) his

motion to subpoena witnesses; (4) his motion alleging a breach of the plea agreement

by not allowing a release on bond; and (5) as moot, his motion alleging denial of

counsel during his sentencing. *Id.*

In addressing Mr. Holloman's Rule 60(b) and Rule 57(b) motion for relief, the

court of appeals determined that a trial court does not have the power to change the

finality of an earlier order that denies a postconviction motion. *People of the State of

Colo. v. Holloman*, No. 04CA1716, 3-4 (Colo. App. Sept. 7, 2006) (unpublished).

Furthermore, the court of appeals found that the trial court has no obligation to consider

a subsequent motion, including one filed under Rule 57(b) that addresses the same

issues that were raised in a Rule 35 motion and were denied. *Id.* at 3.

The court of appeals further found that there is no provision in the Colorado

Rules of Criminal Procedure that explicitly authorizes a motion to reconsider an order

denying a Rule 35 postconviction motion. *Id.* at 2. Rule 57(b) provides that the trial

court may proceed in any lawful manner that is not inconsistent with the Rules of

Criminal Procedure and must look to the Rules of Civil Procedure. *Id.* at 2-3. Rule

60(b) permits relief from judgment, but motions for relief must be filed within a

reasonable time and for certain reasons within six months. *Id.* at 3. Citing to *People v.

Adams*, 905 P.2d 17 (Colo. App. 1995), the court of appeals concluded that even if a

trial court considers a subsequent motion seeking relief from the denial of an earlier

Rule 35 motion, the trial court's ruling in the original motion is final for the purposes of appeal. *Id.* at 4.

The court of appeals found that by September 14, 2002, Mr. Holloman should have appealed the trial court's July 31, 2002, order denying his motion to withdraw his guilty plea. Mr. Holloman did file a timely appeal on August 26, 2002, but elected to dismiss the appeal on May 7, 2003. *Id.* at 5. Furthermore, even if he was able to seek relief from the July 31, 2002, order by filing a Rule 60(b) motion he was required to do so within six months of the denial order. *Id.* The court of appeals concluded that the November 2003 motion for reconsideration was untimely, and the trial court lacked jurisdiction to consider the motion. *Id.* The court of appeals vacated the portion of the trial court's May 25, 2004, order that pertained to the reconsideration of the July 31, 2002, order. *Id.*

As for the September 29, 2003, order, the court of appeals found that the time for appealing that order expired on November 13, 2003. *Id.* at 6. As opposed to filing an appeal by that date, Mr. Holloman filed his Rule 57(b) and Rule 60(b) motion. *Id.* The court of appeals concluded that because Mr. Holloman raised the same claims in the reconsideration motion as he had in the previous Rule 35 motion, the motion was successive, and the trial court was not required to consider the issues. *Id.* The court of appeals further concluded that the trial court's reconsideration of the September 29, 2003, order does not alter the fact that the time to file a notice of appeal had expired nine months before Mr. Holloman filed his notice of appeal in August 2004. *Id.*

The court of appeals found that Mr. Holloman's Rule 57(b) and Rule 60(b) motion does not extend the time for filing a notice of appeal and cannot be used to obtain

appellate review out of time.  *Id.*  Consequently, the court of appeals determined it lacked jurisdiction to consider the claims.  *Id.*  To the extent that Mr. Holloman contended that the trial court erred by restricting the scope of his postconviction counsel's appointment to investigate the postconviction claims, the court of appeals found that a defendant does not have a constitutional right to postconviction counsel, and the trial court had discretion to appoint and instruct the postconviction counsel.  *Id.* at 8.

Mr. Holloman, through counsel, filed a petition for writ of certiorari on October 11, 2006.  Colo. Sup. Court Record, 06SC676.  In the petition for certiorari review, Mr. Holloman asserted that the trial court did not inform him that he was required to appeal the denial of his postconviction motions to the court of appeals.  *Id.*  He further asserted that reasonable reliance upon an erroneous trial court action justified relief from procedural requirements, and the court of appeals had authority to rule on the merits of the postconviction motions.  *Id.*  The Colorado Supreme Court denied the petition for certiorari review on January 16, 2007.  *Id.*

## II.  EXHAUSTION OF STATE REMEDIES

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

In their original Answer, Respondents argued that on June 3, 2005, Mr. Holloman appealed the summary denial of several postconviction motions that he had filed attacking his guilty plea, but the appeal was still pending as of the date of Respondents' Answer. (Answer at 2-3.) They further asserted that Claims One, Two, Three, and Five, in the instant action, are related to the claims that he had pending on appeal at that time. (Answer at 3.) Respondents also contended that Applicant's other claims, Claims Four, Six, Seven, Eight, and Nine, have not been raised in any state appellate court proceeding. (Answer at 3.)

In the Supplemental Answer, Respondents assert that Mr. Holloman's appeal has concluded, he petitioned for a writ of certiorari with the Colorado Supreme Court, and the petition was denied. Respondents now contend that Claims One, Two, Three, and Five, in the instant action, are procedurally barred because the state court of appeals found Applicant had failed to file timely notices of appeal of the postconviction motions, in which he addressed issues that are related to Claims One, Two, Three, and Five. (Supp. Answer at 2.) Respondents also assert, in the Supplemental Response, that because Claims Four, Six, Seven, Eight, and Nine have not been presented to any state appellate court the claims also are subject to the procedural bar rule under Colo.

R. Crim P. 35(c)(3)(VII).  (Supp. Answer at 4.)   As stated above, Mr. Holloman did not respond to the Supplemental Answer.

## III.  PROCEDURAL BAR

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . .  For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims."  *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review.  *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

The time limitation established by Colo. Rev. Stat. § 16-5-402 is a firmly established and regularly followed procedural rule.  *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995).  Section 16-5-402 provides that a defendant who has been convicted of any felony, other than a class one felony, must commence a collateral attack of the conviction within three years of the date of the conviction.  As for a successive postconviction motion, the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).

"Generally speaking, [the court] do[es] not address issues that have been

defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Holloman's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Holloman concedes in his Response that he has not exhausted Claims Eight and Nine, but contends that the violations of his rights in each of these claims occurred at the appellate level. (Resp. at 1.) He further asserts that he has presented all other claims in the Application to the trial court in a postconviction motion and to the Colorado Court of Appeals in his notice of appeal filed on August 25, 2004. (Resp. at 2 and Ex. A.) Mr. Holloman also contends that he has preserved and exhausted Claims One through Seven because he sent several letters to his attorney requesting and instructing that she brief the merits of his claims. (Resp. at 2-3.) He further states that he forwarded to the state court of appeals a copy of the letter instructing his attorney to brief the merits of his claims, which the court of appeals disregarded because Mr. Holloman was represented by counsel at the time. (Resp. at 3.)

Mr. Holloman further asserts that he filed a petition for writ of certiorari, in which he challenged the court of appeals' denial of his attorney's request to withdraw, claiming his attorney is ineffective. (Resp. at Ex. I.) He also states that he asserted, in the petition for certiorari review, that he is entitled to immediate release because the state lacks jurisdiction over him and because the court of appeals denied his motion for an appeal bond in violation of his equal protection rights, (Resp. at Ex. I.), but the Colorado

Supreme Court denied the petition for certiorari review on January 18, 2006, *see Holloman v. People of the State of Colo.*, No. 06SC28 (Colo. Jan. 18, 2006) (unpublished) (summarily denied).

Based on the above, Mr. Holloman contends that he has exhausted his state court remedies. He concludes that because the Colorado Supreme Court declined to address his claims the State is "deemed to have waived it's [sic] right to adjudicate [his] Constitutional claims in this [A]pplication." (Resp. at 4.) He further concludes that if he were required to return to state court to readdress his claims he would be procedurally barred, and since his appellate counsel's ineffectiveness was the reason for the default he has established prejudice. (Resp. at 4-5.) He also concludes that since one of his claims challenges the State's jurisdiction over his criminal case, failure by this Court to review his claims would result in a fundamental miscarriage of justice. (Resp. at 5.)

I find the following. As opposed to presenting his postconviction claims to the state courts in a manner that complies with state-court procedural rules, Mr. Holloman elected to file the same claims repeatedly in the state trial court. From July 29, 2002, through December 6, 2005, Mr. Holloman filed at least five motions for reinstatement of a bond, even after the trial court had ruled that continued release on bond was not a condition of his plea agreement. He also filed at least four motions for release on bond on appeal, one of which was filed while he was represented by counsel and was filed after his appellate counsel already had filed a motion seeking release on bond. Mr. Holloman further filed at least two motions seeking a refund of a bond premium, one that was stricken because he previously had filed the same motion, which was denied.

Mr. Holloman also continued to file motions with the trial court seeking withdrawal

of his plea even after the trial court ruled on Mr. Holloman's Rule 35(c) motion on July 31, 2002, finding that the plea was made knowingly and that every element of the crimes with which he was charged was explained to him. As for appointment of counsel, Mr. Holloman asserted his desire for appointment of counsel, but all three attorneys appointed to represent him, both pre and postconviction, sought to withdraw either because Mr. Holloman terminated their services or because he refused to cooperate with them. Mr. Holloman may not have it both ways. He may not be represented by counsel and continue to submit *pro se* pleadings to the court.

Mr. Holloman also raised on several occasions at least two other claims, including that a false affidavit was submitted by the prosecution in initiating a grand jury and that the state trial court lacked jurisdiction to consider his claims. He raised these claims in his May 23, 2003, Rule 35(a) postconviction motion, in his June 9, 2003, Rule 35(c) postconviction motion, and in the May 10, 2004, petition for writ of habeas corpus that he inappropriately filed in the Kit Carson County Court. He also continued to file motions in the trial court after he had filed a notice of appeal in his July 29, 2002, Rule 35(c) postconviction motion.

Mr. Holloman's approach to challenging his conviction in postconviction pleadings in state court borders on being abusive. He disregarded the process for presenting postconviction issues to the state trial court, and when his motions were denied for substantive reasons he repeatedly presented the same issues to the court as opposed to properly appealing the trial court's denial of his motions for postconviction relief.

In *People v. Adams*, the Colorado Court of Appeals found that filing a motion to

reconsider does not extend the time within which to appeal a district court's order denying a motion for postconviction relief. *Adams*, 905 P.2d at 18. The Colorado Rules of Criminal Procedure do not authorize a motion to reconsider postconviction motions. *See People v. Gresl*, 89 F.3d 499, 501 (Colo. App. 2003). Furthermore, under Colo. R. Crim. P. 35(c) an order of a trial court denying a postconviction motion is a final order reviewable on appeal. Even though Mr. Holloman argues that the trial court continued to consider his motion for relief filed pursuant to Colo. R. Crim. P. 57(b) and Colo. R. Civ. P. 60(b), and in doing so gave the impression that he was proceeding in a procedurally correct manner, I find that Mr. Holloman had filed a notice of appeal previously in response to the trial court's denial of his July 29, 2002, Rule 35(c) postconviction motion and knew that a denial of a postconviction motion by a trial court was a final order. Furthermore, Mr. Holloman cited both to Rule 57 and Rule 60 in the caption of his motion for relief, indicating that he was aware that the Colorado Rules of Criminal Procedure did not provide for motions of reconsideration. Finally, I find that in the motion for relief Mr. Holloman simply restates the issues he seeks to raise, and the motion is essentially a successive motion for postconviction relief.

Therefore, I find that with respect to the claims Mr. Holloman raised in the Rule 35(c) postconviction motion he filed on July 29, 2002, that was denied and for a while was pending on appeal, until Mr. Holloman sought to dismiss the appeal on May 3, 2003, the claims are unexhausted and now procedurally defaulted under both Colo. Rev. Stat. § 16-5-402 and Colo. R. Crim. P. 35(c)(3)(VI) and (VII). With respect to the claims Mr. Holloman raised in the Rule 35(c) postconviction motion filed on May 28, 2003, and the amended Rule 35(c) postconviction motions filed on June 9, 2003 and

27

August 25, 2003, which all were denied by the court on September 29, 2003, the claims are unexhausted and now procedurally barred under § 16-5-402 and Rule 35(c)(3)(VI) and (VII). Mr. Holloman's decision to continue to file motions in the state trial court as opposed to filing a notice of appeal has resulted in the procedural default.

Mr. Holloman was well aware of the proper procedure to follow in addressing issues that have been denied by the trial court. As early as August 28, 2002, he was aware of how to proceed on appeal, when he filed a notice of appeal of the trial court's July 31, 2002, order denying his first Rule 35(c) postconviction motion. Yet, after the trial court denied his postconviction motions in the September 29, 2003, order, as opposed to appealing to the Colorado Court of Appeals, Mr. Holloman continued to file motions in the state trial court including a motion to suppress evidence in the sentencing hearings, a motion for recusal of the trial court judge and his motion for reconsideration. He also filed a petition for writ of habeas corpus in a different trial court. Mr. Holloman, therefore, has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice supporting a basis for excusing his failure to exhaust his state court remedies.

IV.  MERITS

Nonetheless, even if I were to consider the merits of Mr. Holloman's claims, certain claims would be denied for failure to state a constitutional deprivation. With respect to Claim Nine, Applicant's claim that his equal protection rights were violated when he was denied release on bond after his conviction, I find that the claim does not address the validity of his conviction or sentence and, therefore, fails to address a claim that is properly brought pursuant to 28 U.S.C. § 2254. Contrary to Mr. Holloman's

argument, nothing in the record indicates or suggests that as part of his plea agreement he was granted bail pending an appeal. State Court Record at 108-111.

As for Mr. Holloman's claims regarding trial court error and denial of effective assistance of counsel in his postconviction proceedings, there is no federal constitutional right to postconviction review in state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele*, 11 F.3d at 1524 (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

V. CONCLUSION

Accordingly, it is

ORDERED that the Application is DENIED and the action is DISMISSED WITH PREJUDICE either on the merits or as procedurally barred. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated: March 24, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge