IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01226-WYD

MARVIN O. HOLLOMAN,

    Applicant,

v.

JOSEPH ORTIZ, Executive Director of the Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER

---

THIS MATTER is before the Court on Petitioner's Motion to Vacate Judgment Pursuant to F.R.C.P. 60(b)(3) & (d)(3), filed December 29, 2011 [ECF No. 57]. I must construe the filing liberally because Petitioner is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Petitioner initiated this action on June 27, 2006, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. An order of dismissal denying the petition was entered March 24, 2009.

In the instant motion, Petitioner contends that he was never served with Respondent's supplemental answer in this case, filed February 13, 2007. He asserts that my order of dismissal was based on arguments contained in Respondent's supplemental answer, and requests that I vacate the dismissal and allow him to respond

to the supplemental answer.

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgement." *Van Skiver*, 952 F.2d at 1243-44. Here, Petitioner seeks relief pursuant to Rule 60(b)(3), which provides relief from final judgment based on fraud, misrepresentation, or misconduct by an opposing party; and 60(d)(3), which states that Rule 60 does not limit the court's power to set aside a judgment for fraud on the court.

As an initial matter, I note that a motion made under Rule 60(b) must be made within a reasonable time; and a motion made under part (b)(3) must be made no more than a year after the entry of the judgment. As discussed above, judgment in this matter entered on March 24, 2009. Petitioner's instant motion was filed on December 29, 2011, and is, therefore, untimely.

Moreover, even if I were to construe Petitioner's request as one made pursuant to Rule 60(b)(6), which provides relief from judgment "[for] any other reason justifying relief," I find that the instant motion should be denied. Rule 60(b)(6) has been described by this court as a 'grand reservoir of equitable power to do justice in a particular case.'" *Van Skiver v. United States* , 952 F.2d 1241, 1244 (10th Cir. 1991) (quotation and internal quotation marks omitted). "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.1996). First, I find the

motion was not brought within a reasonable time.  Petitioner does not explain why he waited over two and one-half years to request permission to file a supplemental reply. In addition, the fact that Petitioner did not receive a copy of Respondent's supplemental answer, standing alone, does not establish fraud, misrepresentation or misconduct on the part of Respondent.  Finally, I have reviewed the order of the dismissal and Respondent's supplemental answer.  While the supplemental answer contains updated information on the status of Petitioner's appeals, and arguments concerning why Petitioner's claims are procedurally barred, the factual assertions contained therein are supported by specific citation to the state court record.  Even assuming Petitioner did not receive a copy of the supplemental answer, he gives no indication in the instant motion as to the arguments he would present in a supplemental reply, nor does he indicate why the order of dismissal should be vacated.       In conclusion, I find that the Motion to Reconsider fails to demonstrate some reason why the Court should reconsider and vacate its March 24, 2009, dismissal. Accordingly, it is

ORDERED that the Motion to Vacate Judgment Pursuant to F.R.C.P. 60(b)(3) & (d)(3), filed December 29, 2011 [ECF No. 57] is **DENIED**.

Dated:  January 12, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge